IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-_____ |
| v. | : | DATE FILED **February 19, 2009** |
| HABIB KHAN | : | VIOLATIONS: |
| | | 18 U.S.C. § 371 (conspiracy - 1 count) |
| | : | 18 U.S.C. § 1960 (operating an unlicensed money transmitting business - 1 count) |
| | : | 31 U.S.C. § 5324(a)(1) (causing a financial institution to fail to file a currency |
| | : | transaction report - 1 count) |
| | | 18 U.S.C. § 2 (aiding and abetting) |
| | : | Notice of forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant HABIB KHAN operated a money transmitting business in and around Philadelphia, Pennsylvania.

2. Defendant HABIB KHAN neither registered this money transmitting business with the United States government nor obtained a license from the Commonwealth of Pennsylvania to operate this money transmitting business, as required by law.

### THE CONSPIRACY

3. From at least in or about November 2001 through in or about February 2009, in the Eastern District of Pennsylvania, and elsewhere, defendant

**HABIB KHAN**

conspired and agreed, together and with others known and unknown to the grand jury, to commit offenses against the United States, that is, to knowingly conduct, control, manage, supervise and direct part and all of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

## MANNER AND MEANS

It was part of the conspiracy that:

4. Defendant HABIB KHAN and others known and unknown to the grand jury operated a business in Philadelphia, Pennsylvania, that transmitted funds by wire from the United States to the Swat region of Pakistan.

5. Defendant HABIB KHAN and others known and unknown to the grand jury charged a fee of approximately $60 for every $1,000 transmitted from Philadelphia, Pennsylvania to Pakistan.

6. During the conspiracy, defendant HABIB KHAN and others known and unknown to the grand jury transmitted more than $1 million from the United States to Pakistan.

## OVERT ACTS

In furtherance of the conspiracy, defendant HABIB KHAN and others known and unknown to the grand jury committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1. On or about March 19, 2003, defendant HABIB KHAN caused to be deposited approximately $6,000 cash in a bank in the Eastern District of Pennsylvania.

2. On or about March 21, 2003, defendant HABIB KHAN caused to be deposited approximately $7,000 cash in a bank in the Eastern District of Pennsylvania.

3. On or about March 21, 2003, defendant HABIB KHAN caused to be transmitted by wire approximately $20,000 to a bank in Pakistan.

4. On or about July 8, 2004, defendant HABIB KHAN caused to be deposited approximately $7,000 cash in a bank in the Eastern District of Pennsylvania.

5. On or about July 9, 2004, defendant HABIB KHAN caused to be deposited approximately $5,000 cash in a bank in the Eastern District of Pennsylvania.

6. On or about July 9, 2004, defendant HABIB KHAN caused to be transmitted by wire approximately $26,000 to a bank in Pakistan.

7. On or about June 16, 2008, defendant HABIB KHAN caused to be deposited approximately $9,000 cash in a bank in the Eastern District of Pennsylvania.

8. On or about June 20, 2008, defendant HABIB KHAN caused to be deposited approximately $6,000 cash in a bank in the Eastern District of Pennsylvania.

9. On or about June 24, 2008, defendant HABIB KHAN caused to be transmitted by wire approximately $27,000 to a bank in Pakistan.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs One and Two and Four through Seven, as well as Overt Acts One through Nine, of Count One are all realleged here.

2. From at least in or about November 2001 through on or about February 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### HABIB KHAN

knowingly conducted, controlled, managed, supervised, directed and owned part and all of an unlicensed money transmitting business, and aided and abetted the conduct, control, management, supervision, direction and ownership of such a money transmitting business, which business affected interstate and foreign commerce, that is, (a) a business operated without an appropriate money transmitting license in a state where such operation is punishable as a misdemeanor or a felony under state law, that is, the Commonwealth of Pennsylvania, and (b) a business required to register with the Financial Crimes Enforcement Network ("FinCEN"), an agency of the United States government, pursuant to Section 5330 of Title 31, United States Code.

In violation of Title 18, United State Code, Sections 1960(a), (b)(1)(A), (b)(1)(B), and 2, and Title 31, United States Code, Section 5330.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs One and Two and Four through Seven, as well as Overt Acts One through Nine, of Count One are all realleged here.

2. From on or about January 1, 2008 through in or about December 31, 2008, in the Eastern District of Pennsylvania, defendant

### HABIB KHAN,

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, knowingly caused and attempted to cause a domestic financial institution to fail to file Currency Transaction Reports for currency transactions in excess of $10,000, that is, intentionally depositing cash in amounts of less than $10,000 as part of a pattern of illegal activity involving transactions of more than $100,000 in a twelve-month period.

In violation of Title 31, United States Code, Section 5324(a)(1), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1960 set forth in this indictment, defendant

### HABIB KHAN

shall forfeit to the United States of America any and all property involved in such offenses and any property traceable to such property, including, but not limited to the sum of $2,755,300.

2. If any of the property subject to forfeiture as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982 incorporating Title 21, United States Code, Section 853(p) to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
LAURIE MAGID
United States Attorney